521 So.2d 538 (1988)
STATE of Louisiana
v.
Ricky LAPRIME.
No. KA-7322.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Writ Denied May 13, 1988.
*539 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia I. Edwards, R. Jeffrey Bridger, Asst. Dist. Attys., New Orleans, for appellee.
Frank G. Desalvo, Archie B. Creech, New Orleans, for appellant.
Before BYRNES, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Ricky Laprime, was charged by bill of information with the violation of La.Rev.Stat. 40:967(B)(1), distribution of cocaine. After a trial by jury, defendant was found guilty of attempted distribution of cocaine. The State filed a multiple offender bill against defendant. Defendant was adjudicated a multiple offender and sentenced to serve five years in the custody of the Louisiana Department of Corrections, with credit for time served. Defendant appeals his conviction and sentence.
On January 28, 1986, Officer Richard Cochran, an undercover narcotics agent working on "Operation White Out" which centered around drug trafficking at the University of New Orleans, received an unsolicited telephone call from Gayle Kelly. Kelly and Cochran arranged to meet at McDonald's Restaurant on St. Claude near Franklin. Officer Cochran contacted his supervisor, Officer Weicks, and a surveillance was set up.
As per the telephone conversation, Cochran met Kelly and she introduced him to the defendant, Ricky Laprime. The defendant told Cochran that he could procure an ounce of cocaine for Cochran. Cochran gave Laprime $300.00 and the defendant left Kelly and Cochran at the McDonald's with his car and driver's license. Approximately forty-five minutes later, the defendant returned and the three went to defendant's car where the cocaine was exchanged. Subsequent to the exchange a warrant was issued and defendant was arrested.
On appeal, defendant advances five assignments of error. Additionally, we have reviewed the record for errors patent and find none.
Relevancy of Testimony Regarding Unrelated Arrests
During the trial, the defense attempted to question Cochran regarding the details of some of the other arrests involved in "Operation White Out". The trial court sustained the State's objection on the grounds of relevancy. The defense claims that the trial court erred in prohibiting questions regarding other drug investigations because the information was relevant for impeachment purposes and "to show shoddy police work."
Louisiana Revised Statute 15:441 reads:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
Relevancy is determined by the purpose for which the evidence is offered and such evidence must be relevant to the material issue. La.Rev.Stat. 15:442 and 435; State v. Ludwig, 423 So.2d 1073 (La.1982).
The purpose of defense counsel's questions regarding other "Operation White Out" drug arrests was to cast doubt on the manner in which "Operation White Out" was performed. The line of questioning which the defense pursued is irrelevant to the charges defendant faced in the instant case. To admit names of defendants not involved in this transaction serves no purpose but to raise collateral issues of little import to the case at bar.
A trial court's ruling on the relevancy of evidence should not be disturbed absent an abuse of discretion. We have reviewed *540 the trial court's ruling on questions regarding specifics of other drug arrests unrelated to defendant's case and find that the trial court properly sustained the prosecution's objections. This assignment of error is without merit.
Relevancy of Questions Regarding Surveillance Microphone
Testimony at trial indicated that the police did not use a surveillance microphone to record the drug transaction between Laprime and Cochran. Subsequent to the testimony, the trial court prohibited defense counsel from questioning investigating officers relative to the cost of a surveillance microphone and he prohibited the introduction of a model of a surveillance microphone. Defendant claims that the trial court erred in refusing to allow this evidence.
In support of the argument for admissability of the evidence, the defense claims that the purpose of the evidence is to demonstrate how inexpensive and simple it would have been to record the transaction since there was no testimony corroborating the claims of Cochran.
A review of the record indicates that the defense was allowed to question the investigating officers about why a microphone was not used to record the transactions. In response, the officers stated that the equipment was not readily available due to lack of funds. Additionally, the officers testified that it might be dangerous to wear a concealed microphone during a drug transaction because the microphone might be revealed and the operation thwarted.
As outlined above, a trial judge has wide discretion regarding relevancy. A relevant issue is one of consequence or importance to the case. State v. Patch, 470 So.2d 585 (La.App. 1st Cir.1985). The cost of the microphone does not go to the substance of the case. It is most unlikely that such information would have exculpated the defendant or clarified the issue for the jury. The admission of such evidence only creates a collateral issue which clouds the important considerations facing the jury. The trial court properly excluded the evidence.
The trial court also properly excluded introduction of a surveillance microphone by the defense. The microphone was neither used in the investigation nor was it available to the investigation. Further, the microphone was not necessary to prove or disprove any element of the crime. We find that the defendant was not prejudiced by the trial court's refusal to admit the evidence.
Defendant's Multiple Bill and Sentence
The defendant was found to be guilty of attempted distribution of cocaine. He was also adjudicated a multiple offender and was sentenced to five years at hard labor with credit for time served.
Defendant claims that the trial court erred in finding him to be a multiple offender. The State argues that the alleged error is harmless error.
The crime of attempted distribution of cocaine is punishable by incarceration for not less than 2½ years and not more than 15 years. La.Rev.Stat. 40:967(B); La.Rev. Stat. 40:979. The sentence for a second offender under La.Rev.Stat. 15:529.1, is not less than 5 years or more than 30 years. A third offender could have been sentenced to not less than 7½ years and not more than 30 years.
The sentencing transcript is unclear as to whether defendant was sentenced as a double or triple offender. The multiple bill contains two prior convictions; the State introduced evidence of the prior crimes. After receiving the evidence, the trial judge found defendant "guilty as a multiple offender." While the trial judge did not declare defendant's status, obviously defendant was adjudicated a double offender; if the defendant had been adjudicated a triple offender his minimum legal sentence would have been 7½ years.
We have examined the transcript and the documents presented and find that the State properly established Laprime's multiple offender status, at least with respect to Case Number 56-133. As stated above, *541 the sentence imposed was proper for a double offender.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.