650 So.2d 352 (1995)
STATE of Louisiana
v.
Leonard HEBRARD.
No. 94-KA-410.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1995.
*353 John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
BOWES, GAUDIN and CANNELLA, JJ.
GAUDIN, Judge.
Leonard Hebrard was convicted of theft of an automatic pistol valued at over $500.00 from a Wal-Mart store and sentenced to 12 years at hard labor as a fourth felony offender. The vote of the six-person jury was unanimous. We affirm Hebrard's conviction and sentence.
On appeal, Hebrard argues that the evidence was insufficient to support a guilty verdict, mainly because the pistol Hebrard admits taking from the store's gun department was never recovered.
Hebrard contends that the proof submitted by the state did not exclude what he calls the very reasonable hypothesis of inconvenience. He could have, he says on appeal, picked up the pistol to purchase it, walked to another department, the garden center, then changed his mind about making the purchase and left the weapon in the garden center or elsewhere in the store. No testimony or evidence supports this theory. Hebrard did not testify at trial.
The state called four witnesses, two eye witnesses to the taking and two Wal-Mart employees. According to the eye witness, Hebrard removed the pistol from the gun display and hid the weapon under the apron he was wearing. Later he returned to the gun display area and brought back a glove he apparently was considering purchasing but he did not return the pistol.
The elements of theft (LSA-R.S. 14:67 under theft of goods sections) consist of (1) a misappropriation or taking, (2) a thing of value, (3) belong to another, (4) without the consent of the owner and (5) with the intent to deprive the owner permanently of the thing taken. See State v. Pittman, 368 So.2d 708 (La.1979).
The constitutional standard for testing the sufficiency of evidence is enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime proven beyond a reasonable doubt.
Here, the jury, believing the eye witness to the theft and considering the testimony of the Wal-Mart employees (who said that the pistol was in fact missing), could have found Hebrard guilty as charged. All five elements of R.S. 14:67 were established by the adduced proof.
We did discover several errors patent that occurred during the sentencing phase of this case. The state objected to the sentence as being illegally lenient; however, the state neither filed an application for supervisory writs nor perfected an appeal.
*354 Also, LSA-C.Cr.P. art. 930.8 states that, except under certain limited circumstances, a defendant must file his application for post conviction relief within three years after his judgment of conviction. Section "C" of this article provides that: "At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief." Hebrard's sentencing transcript does not reflect that he was so informed. Failure to inform defendant of the dictates of Article 930.8 is not a ground for vacating the sentence; rather, the appropriate remedy is to instruct the trial court to inform defendant of the provisions of Article 930.8 by sending written notice to the defendant within 10 days of the rendering of this opinion and to file written proof in the record that the defendant received such notice. See State v. Kershaw, 643 So.2d 1289 (La.App. 5 Cir.1994); State v. Procell, 626 So.2d 954 (La.App. 3 Cir.1993) and State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir.1992).
AFFIRMED; REMANDED WITH INSTRUCTIONS.