683 So.2d 769 (1996)
STATE of Louisiana
v.
Roger JIRON.
No. 96-KA-319.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
*770 Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for Appellant.
Jack M. Capella, District Attorney and Leigh Anne Wall, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for Appellee.
Before DUFRESNE, WICKER and CANNELLA, JJ.
WICKER, Judge.
Defendant, Roger Jiron, was charged with two counts of indecent behavior with juveniles, a violation of La. R.S. 14:81. The victims were two siblings, aged four and seven at the time of the offenses. Defendant entered a plea of not guilty. On the day set for trial, his counsel informed the court that defendant wished to waive his right to a jury trial. The trial judge advised defendant that he had a right to a jury trial and adequately questioned him about his desire to waive the jury. After a bench trial the court found defendant guilty as charged, giving oral reasons for the verdict, and ordered a pre-sentence investigation.
At the sentencing hearing the judge acknowledged that defendant was a first offender and noted he had considered the sentencing guidelines' recommendation of a maximum sentence of thirty months. However, the judge stated, "I am going to veer from those recommendations because I do not think the penalty recommended is sufficient for the horrible crimes which you have committed...." The court then sentenced defendant to seven years at hard labor on each count, to be served concurrently, with credit for time served. Defense counsel entered no objection to the sentence and filed no motion to reconsider the sentence.
The matter comes before us now on an out-of-time appeal, pursuant to defendant's pro se motion filed more than two years after his sentencing. See State ex rel. Roger Jiron v. State of Louisiana, 95-724 (La.App. 5th Cir. 9/8/95). Defendant's appointed counsel has filed an Anders brief, stating he found no nonfrivolous issues which arguably support the appeal and requesting that he be allowed to withdraw as counsel.

FACTS
In 1991, a woman named "Little Flo" cared for five minor children of the victims' family while the children's parents were at work. One day between June 14 and June 19, the couple left the children with Little Flo in her apartment. During this time, Little Flo, her mother, Big Flo, and other relatives who were also residents of the apartment, left to go to a store. Roger Jiron, defendant, who was Big Flo's boyfriend and also a resident of the apartment, remained to watch the children.
The two oldest children (W.P. and M.P.) testified that defendant made the children go into his bedroom to play a game he called "the Naked Club." The children testified defendant made W.P. and M.P. each climb *771 into the bed alone with him while the other children remained in the room. Once they were under the covers, defendant removed the children's pants and underwear. Defendant touched each child's genitals and touched or rubbed his own genitals. He asked M.P. whether he would like to lick defendant's genitals. Subsequently, the children told their parents about the incident. The childrens' father confronted defendant and reported the matter to the police.
Defendant denied the allegations and claimed the incident could not have occurred on the date indicated by the father because defendant was at work on that day. Other members of defendant's household, including Big Flo and Little Flo, disputed the father's testimony about the date of the incident and testified that no one in their apartment cared for the children during June 14th through June 19th. In his oral reasons for judgment the trial judge stated he found the testimony of the defense witnesses "in most part was totally not credible."

DISCUSSION
Defense counsel has filed a brief which follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In State v. Bradford, 95-929 and 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, this court noted the Louisiana Supreme Court's favorable response to the Fourth Circuit's policy regarding Anders briefs and adopted the same policy.
Applying the above procedure in this case, the Clerk of this court has sent a letter advising defendant that he should inform the court in writing within thirty days if he intends to file a supplemental brief in his own behalf.
The duty of the appellate court in reviewing an Anders appeal is to determine whether there are any nonfrivolous issues which arguably support the appeal. State v. Benjamin, supra, at 531. We have conducted an extensive independent review of the record. There were no pre-trial rulings that present issues which could be raised. The only two issues which defense counsel could have raised with any possibility of success are sufficiency of the evidence and excessiveness of the sentence.
Regarding the sufficiency of the evidence, the evidence in this case depended on credibility of the witnesses. It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses to overturn a trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Cockerham, 442 So.2d 1257 (La.App. 5 Cir. 1983). It is the role of the fact finder to weigh the respective credibility of the witnesses, and an appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluation under the standard of review of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Butler, 450 So.2d 764 (La.App. 5 Cir.1984). We find no merit to any issue that could be raised concerning sufficiency of the evidence here. Thus, this is not an issue that arguably supports the appeal.
As to excessiveness of the sentence, defendant neither objected to the sentence at the time nor made a motion to reconsider the sentence. Generally, a defendant who failed to file a motion to reconsider the sentence or failed to object orally to the sentence imposed is precluded from raising a claim about the sentence on appeal. La.Code Crim. P. art. 881.1. Thus, excessiveness of the sentence also is not an issue that arguably supports the appeal.

ERROR PATENT DISCUSSION
An error patent review reveals a patent error, in that the transcript indicates the trial judge failed to advise defendant of the time delay for filing for post-conviction relief. La.Code Crim. P. art. 930.8 dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. *772 As noted above, the trial judge failed to do so in this case.
This error is not ground for vacating the sentence, however, and merely requires correction. The appropriate remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of these articles by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Crossley, 94-965 (La. App. 5th Cir. 3/15/95); 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95); 660 So.2d 459; State v. Kershaw, 94-141 (La. App. 5th Cir. 9/14/94); 643 So.2d 1289.
Accordingly, despite our affirmance of the conviction and sentence, we remand the case. The trial court is directed to inform the defendant of the provisions of La.Code Crim. P. art. 930.8(C) by sending appropriate written notice to the defendant within 10 days of the rendition of the opinion and filing written proof that the defendant received the notice in the record of the proceedings.
For the foregoing reasons, the defendant's conviction and sentence are affirmed and the case is remanded for compliance with the above instruction.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED WITH INSTRUCTION.