liWICKER, Judge.
The defendant, Dion L. Nash, was charged by bill of information with two counts of distribution of cocaine within one thousand feet of Lemon Gym, in violation of La.R.S. 40:981.3,[1] and one count of knowing or inten *1070 tional distribution of cocaine, in violation of |2La.R.S. 40:967(A). Pursuant to a plea agreement, the defendant pled guilty to one count of distribution of cocaine within one thousand feet of a school and one count of distribution of cocaine. Thereafter, the trial judge sentenced the defendant as follows: (1) fifteen years’ imprisonment at hard labor without benefit of parole, probation or suspension for distributing cocaine within one thousand feet of a school and (2) fifteen years’ imprisonment at hard labor for distribution of cocaine. The trial judge stated that these sentences were to be served concurrently. The defendant appealed. We affirm.
Defense counsel has filed an Anders brief[2] asserting there are no nonfrivolous issues which arguably support the appeal and requesting that he be allowed to withdraw as counsel.[3] Defense counsel assigned as error any and all errors patent.
We have held in State v. Jiron, 96-319 (La.App. 5th Cir. 10/1/96) 683 So.2d 769, 771:
The duty of the appellate court in reviewing an Anders appeal [sis to determine whether there are any nonfrivolous issues which arguably support the appeal. State v. Benjamin [573 So.2d 528 (La.App. 4th Cir.1990)] at 531.
After conducting an extensive independent review of the record, we find no nonfrivolous issues which would arguably support an appeal. We have found two errors patent, which do not constitute reversible error.
We note the trial judge failed to allow credit for time served as required by La. C.Cr.P. art. 880. We therefore amend the sentence to reflect that the defendant be given credit for time served in accordance with La.C.Cr.P. art. 880.
We also note the trial judge failed to advise the defendant of the time delay for filing for post-conviction relief as required by La. C.Cr.P.art. 930.8(C). We therefore remand the case and instruct the trial judge to inform the defendant of the provisions of La. C.Cr.P.art. 930.8 by sending written notice to him within ten days after the rendition of this opinion and to file written proof in the record that the defendant received such notice.
Accordingly, for the reasons stated, the defendant’s conviction is affirmed. The defendant’s sentence is amended to give him credit for time served and, as amended, the sentence is affirmed. The case is remanded for compliance with La.C.Cr.P.art. 930.8(C). *1071 Defense counsel’s motion to withdraw is granted.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; CASE REMANDED WITH INSTRUCTION; MOTION TO WITHDRAW GRANTED.

. A. (1) Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus, shall, upon conviction, be punished in accordance with Subsection E.
(2) Any person who violates a felony provision of R.S. 40:966(A), 967(A), 968(A),' 969(A), or 970(A) while on property used as a drug treatment facility or within one thousand feet of any such property, when included within an area marked as a drug free zone pursuant to R.S. 40:1058.10 shall, upon conviction, be punished in accordance with Subsection E.
B. Lack of knowledge that the prohibited act occurred on or within one thousand feet of school or drug treatment facility property shall not be a defense.
C. For purposes of this Section:
(1) "School” means any public or private elementary, secondary, vocational-technical school, or any public or private college or university in Louisiana.
(2) “School property” means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a *1070 political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.
(3) "Drug treatment facility” means all property used for diagnostic, treatment, and rehabilitative services to patients and their families with problems related to alcohol, drug, or substance abuse.
D. A violation of this Section within one thousand feet of school or a drug treatment facility property shall not include an act which occurs entirely within a private residence wherein no person seventeen years of age or under was present.
E. (1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
(2) On a second or subsequent conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, without benefit of parole, probation, or suspension of sentence. An offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any felony violation of this state, the United States, any other state, or any foreign country, relating to an act prohibited by the Uniform Controlled Dangerous Substances Law.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).

. Counsel has notified the defendant of this action and has advised him of his right to file a pro se supplemental brief. The Clerk of this court has also sent a letter advising the defendant that he should inform the court by March 7, 1997 if he intends to file a supplemental brief in his own behalf. The defendant has not filed a supplemental brief.