707 So.2d 1354 (1998)
STATE of Louisiana
v.
Eric GAINES.
No. 97-KA-672.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1998.
*1355 Laurie A. White, New Orleans, for Appellant Eric Gaines.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Appellee State.
Before BOWES, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Eric Gaines, appeals his conviction for distribution of cocaine, a violation of La. R.S. 40:967(A). We affirm his conviction, adjudication as an habitual offender and sentence and remand.
On December 17, 1996, defendant was charged by bill of information with one count of distribution of cocaine. He pled not guilty at his arraignment on February 3, 1997. After a jury trial on March 12 and 13, 1997, *1356 defendant was found guilty as charged. Defendant filed motions for new trial and post conviction judgment of acquittal on March 14, 1997. On March 21, 1997, the trial court sentenced defendant to twenty years at hard labor. On that day, defendant's motion for appeal was filed and granted. On April 4, 1997, the state filed an habitual offender bill of information, alleging defendant to be a third felony offender. Defendant was arraigned on the habitual offender bill and denied the state's allegations. Also on April 4, 1997, the trial judge denied defendant's motions for a new trial and post conviction judgment of acquittal.
The hearing on the habitual offender bill of information was held on April 10, 1997, following which, defendant was adjudicated "... a multiple-offender ..." without stating the specific number of felony convictions. The trial judge vacated the original sentence and imposed an enhanced sentence of life imprisonment, without benefit of parole, probation or suspension of sentence. On reconsideration, the trial judge re-sentenced defendant to twenty-five years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant was then granted a second motion for appeal.
On July 16, 1996, Officer Elston Cutino (Cutino) of the Westwego Police Department was assigned to an undercover narcotics operation with the Gretna Police Department. On that day, Cutino was directed by narcotics detective Claude Koenig (Koenig) to go to the corner of Fried and Eleventh Streets in Gretna to attempt a purchase of illegal drugs. Koenig gave Cutino currency with which to make a purchase. Cutino drove an unmarked police vehicle to that location. He wore a transmitter to allow Koenig to listen to potential drug transactions from a concealed location.
When Cutino arrived at the targeted location, he was approached by a black male who asked Cutino what he needed. Cutino responded that he wanted a "twenty" (meaning a rock of "crack" cocaine). The black male went inside the residence at 806 Fried Street and returned with a rock-like substance, which appeared to be "crack". He gave Cutino the substance and Cutino gave the man twenty dollars. Cutino then left the scene in his car.
Cutino transmitted a description of the perpetrator and his location to Koenig. Cutino described the subject as a black male with one gold tooth, approximately six feet tall, weighing approximately one hundred and fifty pounds, wearing black shorts and a white undershirt. Cutino subsequently met with Koenig and gave him the rock-like substance he had obtained from defendant. Later that day, Keonig drove to the area where Cutino had made the purchase and observed a subject matching Cutino's description standing on the corner. Keonig questioned the person, thereby learning his name. Using that information, Keonig compiled a photographic lineup. On July 16, 1997, Koenig showed the lineup to Cutino. Cutino identified defendant as the person from whom he had bought the rock-like substance. Defendant was later arrested.
Daniel Waguespack (Waguespack), an expert in the field of forensic science, tested the substance purchased by Cutino. Waguespack testified at trial that the tests were positive for cocaine.

ANDERS APPEAL
On appeal, defendant's appellate counsel filed an "Anders" brief, asserting that, after a detailed review of the record, counsel could not find any ruling of the trial court or non-frivolous issues to raise on appeal. Counsel states that she forwarded to defendant a copy of the brief she filed with this court. Counsel did request a review for patent error. On August 4, 1997, defendant's counsel filed a motion to withdraw, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).
In State v. Jenkins, 94-72 (La.App. 5th Cir. 11/29/94), 646 So.2d 1197, 1198-1199 we stated:
Under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), counsel's failure to assign error or to assign only a request for error patent review has the effect of depriving the indigent defendant of effective assistance of counsel. However, the United States Supreme Court in Anders, also set forth the *1357 procedure to follow when, after a diligent and conscientious review of the record, counsel fails to find any non-frivolous appealable issues. In Anders, the court stated:
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or precede to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
The United States Fifth Circuit, Court of Appeals applied Anders to the case where defense counsel files a brief solely asking for an error patent review. The court determined that, by so doing, counsel effectively withdrew without complying with the requirements of Anders. Lofton v. Whitley, 905 F.2d at 887 (5th Cir.1990).
Defendant's appellate counsel substantially complied with the procedure approved by the United States Supreme Court in Anders and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), adopted in State v. Bradford, 95-929 (La.App. 5th Cir. 6/25/96), 676 So.2d 1108. But we note that it does not appear that counsel notified defendant by letter of his right to file a supplemental brief. However, this court so notified defendant by certified letter dated August 15, 1997, thereby satisfying the Anders requirement.
Defendant filed a brief in response to the letter issued by this court. He alleges that the evidence was insufficient to convict because the bill of information was defective, the description of the perpetrator given by Cutino at trial differed from his initial description, the state failed to introduce video or audio tapes of the transaction and the trial judge erred in failing to charge the jury that a reasonable doubt may arise from a lack of evidence.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232; State v. Hebrard, 94-410 (La.App. 5th Cir. 1/31/95), 650 So.2d 352, 353; State v. Mussall, 523 So.2d 1305, 1308-1309 (La.1988).

PRO SE ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the bill of information was defective because it failed to state an element of the offense and, thus, he was constitutionally deprived of notice of the crime charged. Defendant argues that the bill failed to include the word "dispense" which, he claims, is required to constitute the offense.
La. R.S. 40:967(A) provides in part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, *1358 it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II ... [Emphasis added]
Article I, § 13 of the Louisiana Constitution requires that an indictment inform the defendant of the nature and cause of the accusation against him. Under this mandate, the bill of information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged ..." La.C.Cr.P. art. 464. The test to determine the sufficiency of a bill is whether it is misleading to the defendant. State v. Bouie, 598 So.2d 610, 612 (La.App. 4th Cir.1992).
This bill of information alleged that defendant "violated R.S. 40:967 A in that he did knowingly or intentionally distribute a controlled dangerous substance, to wit: Cocaine...." That language fully explains the offense with which defendant was charged. Moreover, the language is not misleading. The term "dispense" was not necessary to the bill, as the state alleged distribution, one of the various activities prohibited by the statute. Based on the foregoing, this assignment of error is without merit. Consequently, we find that the bill of information was not defective.

PRO SE ASSIGNMENT OF ERROR NUMBER TWO
Next, defendant contends that the evidence was insufficient because the description given by Cutino at trial is contrary to his initial police report. During cross-examination at trial, Cutino testified that the subject who sold him cocaine was between five feet, nine inches and six feet tall. Cutino noted that he is not a good judge of height. Cutino further testified that in his police report, he listed the suspect's height as six feet. Cutino then stated, upon viewing defendant in court, that he appeared to be about five feet, eleven inches tall.
Defendant does not challenge the validity of the photographic identification made by Cutino. This is an issue of witness credibility. It is well settled that, where there is conflicting testimony as to factual matters, the question of witness credibility is within the sound discretion of the trier of fact. The credibility of witnesses may not be re-weighed on appeal. State v. Jiron, 96-319 (La.App. 5th Cir. 10/1/96), 683 So.2d 769, 771. Consequently, we find that the evidence is not insufficient on this basis.

PRO SE ASSIGNMENT OF ERROR NUMBER THREE
Third, defendant argues that the state failed to produce either the video or audio tape of the transaction to support its' case. We recognize that the state did not produce either tape of the incident. However, it did not need the tapes to convict defendant in light of the other evidence.

PRO SE ASSIGNMENT OF ERROR NUMBER FOUR
Finally, defendant argues that the jury was misled into believing that it need not consider the lack of evidence because the trial judge did not charge the jury that a reasonable doubt may be found from a lack of evidence.[1] However, the jury charges reflect that the trial judge did instruct the jury that they were to give defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case. Thus, we find no error in this regard.
Accordingly, after reviewing the evidence in a light most favorable to the prosecution, we find that the evidence submitted by the state was sufficient for the jury to convict defendant beyond a reasonable doubt.

ERROR PATENT AND ANDERS REVIEW
Finally, in conformity with Anders, this court conducted an independent examination of the record, consisting of (1) a review of the bill of information to ensure the defendant was properly charged, (2) a review of all minute entries to ensure the defendant was present at all crucial stages of the proceedings, *1359 and that the conviction and sentence are legal, (3) a review of all the pleadings in the record, and (4) a review of all the transcripts to determine if any ruling provides an arguable basis for appeal. In this case, we find two non-frivolous issues appealable by defendant. We note that the habitual offender adjudication and sentence of 25 years are each defective, but the defects are favorable to defendant. Therefore, since neither defendant nor the state raised these problems as errors, we must ignore them and affirm the adjudication and sentence. See: State v. Bradford, 95-929 (La.App. 5th Cir. 6/25/96), 676 So.2d 1108, 1111; State v. Jackson, 452 So.2d 682, 684 (La.1984).[2]
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Boudreaux, 95-153 (La.App. 5th Cir. 9/20/95); 662 So.2d 22, 28.
We note two patent errors. First, defendant was not advised of the three-year time limit for filing an application for post conviction relief, as required by La.C.Cr.P. art. 930.8. This article dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of article 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Birden, 675 So.2d at 1190-1191; State v. Crossley, 94-965 (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459.
Second, defendant was not given credit for time served, as is required under La.C.Cr.P. art. 880. However, a recent amendment to the article makes any action from this court unnecessary. As of August 15, 1997, the article reads, "[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." 1997 La. Acts 788 § 1. The provision is self-operating. Id.
Accordingly, we hereby affirm defendant's conviction, his adjudication as an habitual offender and sentence. We remand with an *1360 instruction to the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice.
CONVICTION, ADJUDICATION AS HABITUAL OFFENDER AND SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] Defendant failed to raise this objection at trial. Generally, this failure would preclude him from raising the matter here. State v. Wilson, 93-617 (La.App. 5th Cir. 1/25/94), 631 So.2d 1213, writ denied, 94-0476 (La. 11/4/94), 644 So.2d 1046. We nonetheless chose to address it.
[2] The defect in the adjudication is that the trial judge adjudicated defendant "... a multiple-offender..." without specifying the number of felony convictions. State v. Jones, 516 So.2d 396, 402 (La.App. 5 th Cir. 1987); State v. Johnson, 432 So.2d 815, 817 (La.1983). See: contrary holding in State v. Laprime, 521 So.2d 538 (La.App. 4th Cir.1988), writ denied, 524 So.2d 517 (La.1988). However, defendant could be adjudicated a third felony offender and sentenced to mandatory life imprisonment if the case were remanded. Therefore, defendant could receive a harsher sentence.

The defect in the sentence to 25 years imprisonment at hard labor is that it does not appear in the transcript, but only in a minute entry/commitment and in briefs of the parties. Therefore, it is not valid. State v. Lynch, 441 So.2d 732 (La.1983); State v. Guerrero, 96-851 (La.App. 5th Cir. 1/28/97), 688 So.2d 119.
Also, the Louisiana Constitution in Article 1, Section 20 prohibits the imposition of a sentence that is excessive punishment, grossly out of proportion to the seriousness of the offense (it harms society by shocking its sense of justice) or only purposeless and needless infliction of pain and suffering. There must be a showing of clear abuse of the trial court's wide discretion to sentence within statutory limits in order for the trial court to deviate below a mandatory sentence. There was no such showing here. State v. Woolridge, 95-971 (La. 5th Cir. 2/27/96), 670 So.2d 1332, writ denied, 96-3043 (La.10/3/97), 701 So.2d 192.