734 So.2d 961 (1999)
STATE of Louisiana
v.
Shawn TOUISSANT.
No. 98-KA-1214.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*962 Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry Boudreaux, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Bruce G. Whittaker, Gretna, Louisiana, Attorney for Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Shawn Toussaint appeals the judgment of the trial court finding him guilty of second degree murder in violation of LSA-R.S. 14:30.1. For the following reasons, we affirm.
The events which occurred on May 8, 1997 were the result of a domestic dispute between two former boyfriends of Rhonda Wimby. One of the ex-boyfriends was defendant Shawn Toussaint and the other was the victim, Samuel Washington.
In the early morning hours on the day in question, the victim confronted the defendant concerning a letter defendant wrote to Rhonda Wimby. Words were exchanged and defendant left to go to his own apartment. Defendant alleges that the victim threatened him with bodily harm. The victim followed defendant to his apartment. Upon entering the apartment he was shot by the defendant and subsequently died of the gunshot wound to his chest.
When the police arrived on the scene, they interviewed the witnesses and defendant Shawn Toussaint was identified as the perpetrator of the crime. Defendant turned himself in to the Jefferson Parish Sheriffs Office two days after the shooting, claiming that he had been frightened and only shot the victim in self-defense.
Defendant was indicted for committing second degree murder in violation of LSA-R.S. 14:30.1. He pled not guilty to the charge of second degree murder and the *963 case went to trial before the Honorable Melvin C. Zeno of the 24th Judicial District Court on January 13, 1998. A jury of twelve was empaneled and a trial on the merits was held. On January 14, 1998, after being presented with all testimony and evidence, the jury found the defendant guilty as charged by a vote of eleven to one.
Defendant thereafter filed a Motion in Arrest of Judgment and Alternatively Motion for New Trial, which was denied. Defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. On March 30, 1998, he filed a Motion for Appeal. The matter is now before this Court for review.

LAW AND ANALYSIS
Defendant has alleged three assignments of error on appeal. The first assignment is that the evidence presented at trial was insufficient to support the verdict of guilty as charged to the crime of second degree murder in that the State failed to prove beyond a reasonable doubt that the killing was not in self-defense. The second assignment is that the trial court erred in denying defendant's challenge to the State's race-based exercise of a peremptory challenge. The third and final assignment of error are any and all errors patent on the face of the record.
Defendant's first assignment of error is that the evidence presented at trial was insufficient to support the conviction because the State failed to prove beyond a reasonable doubt that the killing was not in self-defense. We find this argument to be without merit and affirm the ruling of the trial court.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232; writ denied, 97-1069 (La.10/13/97), 703 So.2d 609; State v. Hebrard, 94-410 (La.App. 5th Cir. 1/31/95), 650 So.2d 352; State v. Mussall, 523 So.2d 1305 (La.1988).
The defendant in this case was charged with second degree murder. Louisiana revised statute 14:30.1 states in part that:
A. Second degree murder is the killing of a human being.
(1) When the offender has a specific intent to kill or to inflict great bodily harm; ...
In this case, defendant does not contest that he shot and killed Sam Washington. He claims that the homicide was justifiable because he killed Sam Washington in self-defense. Self-defense is defined in LSA-R.S. 14:20, which states in part:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
When a defendant claims self-defense, the State must prove, beyond a reasonable doubt, that the defendant did not act in self-defense. State v. Batiste, 96-1010 (La.App. 5th Cir. 1/27/98), 708 So.2d 764; writ denied, 720 So.2d 359; State v. Garcia, 483 So.2d 953, 956 (La. 1986). The relevant inquiry on appeal is, whether a rational factfinder, after viewing the evidence in the light most favorable to the prosecution, could have found, beyond a reasonable doubt, that the homicide was not committed in self-defense. State v. Batiste, 708 So.2d at 771; State v. Garcia, 483 So.2d at 956. The determination of defendant's culpability focuses on a two-fold inquiry, whether the defendant could reasonably have believed his life to be in imminent danger, and whether deadly force was necessary to prevent the danger. *964 State v. Batiste, supra; State v. T.N., 94-669 (La.App. 5th Cir. 1/18/95), 650 So.2d 288. While there is no unqualified duty to retreat from an altercation, the possibility of escape is a recognized factor in determining whether or not a defendant had a reasonable belief that deadly force was necessary to avoid the danger. State v. T.N., supra.
In the present case before the bar, the defendant claims that he was threatened by the victim and shot the victim in self-defense. Defendant presented his own testimony, as well as the testimony of various witnesses, that the victim had threatened his life before the final altercation occurred. It is the defendant's contention that he shot the victim in self-defense. Through cross-examination, the State was able to detect variances in the testimonies. Rebuttal testimony was presented by the State to attack the defendant's credibility.
When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State v. Jiron, 96-319 (La. App. 5th Cir. 10/1/96), 683 So.2d 769, 771; State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Styles, 692 So.2d at 1233; State ex rel. Graffagnino v. King, 436 So.2d at 563.
In this case, the jury made a credibility determination and believed the testimony of certain witnesses to the homicide. By finding defendant guilty the jury determined that the eyewitness testimony was sufficient to establish, beyond a reasonable doubt, that the homicide was not committed in self-defense. Viewing the evidence in the light most favorable to the prosecution, it is the opinion of this Court that the evidence presented at trial was sufficient to convict the defendant of second degree murder. A rational trier of fact has found, beyond a reasonable doubt, that the homicide was not committed in self-defense, and therefore, the defendant is guilty beyond a reasonable doubt.
Defendant's second assignment of error is that the trial court erred in denying his challenge to the State's race-based exercise of a peremptory challenge. We find this argument to be without merit and affirm the ruling of the trial court.
Equal protection guarantees that criminal defendants have the right to be tried by a jury selected by nondiscriminatory criteria. U.S. Const. Amend. 14; Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). It is well established that the use of peremptory challenges based solely on race is prohibited. Batson; LSA-C.Cr.P. art. 795.
A trial judge's determination pertaining to purposeful discrimination rests largely on credibility evaluations, so his findings are entitled to great deference by the reviewing court. Batson, 476 U.S. at 98, n. 21, 106 S.Ct. at 1724, n. 21. The trial judge, advantaged by observing the characteristics and demeanor of the attorneys and prospective jurors, occupies the best position for deciding whether a discriminatory objective underlies peremptory challenges. State v. Jackson, 29,470 (La.App. 2nd Cir. 8/20/97), 707 So.2d 990. This court has held that a trial court's rulings regarding discriminatory jury selection are entitled to great deference and will not be overturned absent a finding of manifest error. State v. Schexnayder, 96-98 (La.App. 5th Cir. 11/26/96), 685 So.2d 357; writ denied, 97-0067 (La.5/16/97), 693 So.2d 796.
On a Batson claim that the prosecutor has used peremptory challenges in a manner violative of the Equal Protection Clause, a defendant must first make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of a juror's cognizable racial background. State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writ denied, 97-1255 (La.10/13/97), 703 So.2d 612. If a prima facie case is established, the burden shifts to the prosecutor *965 to articulate a race-neutral explanation for striking the jurors in question. Id. at 452. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. Id.
In the present case before the bar, the trial judge found that the defense had established a prima facie case for a Batson challenge. The trial judge reasoned that a prima facie case was established because all three black jurors had been stricken by the State. The State was required to give "race-neutral" explanations for the exercise of peremptory strikes. State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272. State v. Schexnayder, supra at 364. Unless discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral. State v. Green, supra at 289.
In the present case the State excluded three black jurors. The State reasoned that one juror was excluded because she was asleep, a second juror was excluded because she was unemployed and a third juror was excluded because she was a history teacher. The State explained that there was already one history teacher on the jury, and that they did not want another one. The reasons given by the State were facially race-neutral and the State carried its burden of proof on this second step of the Batson challenge.
The third step under Batson is to determine whether the defendant has met his burden of showing purposeful discrimination on the part of the State. State v. Schexnayder, supra. The proper question at this stage is whether the proof offered by the defendant, when weighed against the State's proffered "race-neutral" reasons, is strong enough to persuade the trier of fact that the claimed discriminatory intent is present. Id. The party who alleges he has been the victim of racial discrimination carries the burden of persuasion in this third step. Batson, supra.
In the present case, the trial court weighed the State's "race-neutral" explanation and the defendant's prima facie showing. The trial court was not satisfied that the defendant had carried its burden on this third step of the Batson challenge. Therefore, giving great deference to the opinion of the trial judge, and absent manifest error, we affirm the ruling of the trial court.
The third and final assignment of error is a review of the record for errors patent. The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). The review reveals no errors patent in this case.
In summary, it is the opinion of this Court that the evidence presented at trial was sufficient to convict the defendant of second degree murder in violation of LSA-R.S. 14:30.1. The trial court did not err in holding that the killing was not committed in self-defense. Furthermore, the trial court did not err in denying defendant's Batson objection to the State's exercise of peremptory challenges. The ruling of the trial court is affirmed.
AFFIRMED.