ROTHSCHILD, Judge.
 

 ^Defendant, Robert Bourgeois, was convicted in November 1999 of aggravated rape of a juvenile under the age of 12, aggravated oral sexual battery, and aggravated incest. He received a life sentence on his aggravated rape conviction and concurrent 15-year sentences on his aggravated oral sexual battery and aggravated incest convictions. He appealed his convictions and sentences and raised as his sole assignment of error the trial court’s denial of his
 
 J.E.B.
 
 objections.
 
 [1]
 

 State v. Bourgeois,
 
 00-1353, p. 3 (La.App. 5 Cir. d/11/01), 786 So.2d 771, 773.
 
 [2]
 

 Defendant’s convictions and sentences were affirmed in part and the matter was remanded for an evidentiary hearing to determine whether defendant met his burden of proving purposeful discrimination in the State’s use of peremptory challenges against prospective male jurors. Defendant’s 13right to appeal any adverse ruling following the hearing was reserved.
 
 Id.
 
 at 10, 786 So.2d at 777.
 

 On remand, the trial court held a two-day evidentiary hearing and denied defendant’s requested relief. Defendant subsequently filed an application for post-conviction relief seeking reinstatement of his appeal rights, which was granted. He now appeals on the basis of several assignments of error. For the reasons assigned herein, we affirm.
 

 FACTS
 

 The facts surrounding the charged offenses are unnecessary to this second appeal, but may be found in this Court’s previous opinion,
 
 State v. Bourgeois, supra,
 
 00-1353, pp. 2-3, 786 So.2d at 772-773. The evidence of defendant’s guilt presented at trial is overwhelming and includes unrebutted testimony by the victim as well as a statement of confession by the defendant.
 

 DISCUSSION
 

 The law is well-settled that peremptory strikes during voir dire proceedings may not be based on race or gender.
 
 State v. Myers,
 
 99-1803 (La.4/11/00), 761 So.2d 498, 500-501, and cases cited therein. The United States Supreme Court has
 
 *735
 
 established a three-step analysis to be applied when addressing a claim that peremptory challenges were exercised in a manner violative of the Equal Protection Clause.
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). First, a defendant must establish a prima facie case of discrimination by showing facts and relevant circumstances that raise an inference that the prosecutor used his or her peremptory challenges to exclude potential jurors on the basis of race. If the defendant fails to make a prima facie case, then the challenge fails. If a prima facie case is established, the burden then shifts to the state to articulate |4a race-neutral explanation for its peremptory challenges. To be facially valid, the prosecutor’s explanation need not be persuasive, or even plausible; thus, unless the discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race-neutral.
 
 Purkett v. Elem,
 
 514 U.S. 765, 767, 115 S.Ct. 1769, 1771, 181 L.Ed.2d 834 (1995). If a race-neutral explanation is tendered, then the trial court must determine whether the defendant has established purposeful discrimination.
 
 Purkett, supra; Batson,
 
 476 U.S. at 96-98, 106 S.Ct. at 1722-1724. In
 
 J.E.B. v. Alabama ex. rel. T.B.,
 
 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), the United States Supreme Court extended its holding in
 
 Batson
 
 and held that the Equal Protection Clause also prohibits discrimination in jury selection on the basis of gender.
 
 See State v. Givens,
 
 99-3518 (La.1/17/01), 776 So.2d 443, 448.
 

 In remanding the present case for an evidentiary hearing, this Court relied on
 
 State v. Givens, supra.
 
 The prior panel of this Court concluded that defendant made a sufficient showing to raise an inference that the prosecutor struck a potential juror or jurors based on gender and explained it was incumbent upon the trial court to require the State to give gender neutral reasons for the exercise of its strikes against men and to make an ultimate ruling on the defendant’s
 
 J.E.B.
 
 objection.
 
 State v. Bourgeois, supra
 
 at 9-10, 786 So.2d at 776-77. Citing
 
 Givens,
 
 this Court instructed the trial court to conduct an evidentiary hearing, allowing the prosecutor to present gender neutral reasons for the strikes objected to by defendant, and to make a final determination of whether defendant met his burden of proving purposeful discrimination.
 
 Id.
 
 at 10, 786 So.2d at 777. This Court further stated:
 

 If the trial court finds that the defendant cannot meet his burden under the applicable law, the defendant’s conviction and sentence are affirmed. | fiIn the event that the trial court determines that the prosecutor did exercise the peremptory challenges in a discriminatory manner in violation of the Equal Protection Clause, the trial court is to grant the defendant a new trial.
 

 Id.,
 
 786 So.2d at 776.
 

 Four years after this Court’s order of remand, the evidentiary hearing was held. By the time the evidentiary hearing was held on May 4, 2005, the original trial judge, Judge Alan Green, had been disqualified from exercising any judicial function.
 
 [3]
 

 In re Alan Green,
 
 04-2452 (La.10/11/04), 884 So.2d 552. Thus, the hearing was conducted by a
 
 pro tempore
 
 judge, Judge Joseph Tiemann.
 

 At the hearing, the State presented the testimony of the assistant district attorney, George Wallace, who prosecuted the case in 1999. Mr. Wallace testified he reviewed
 
 *736
 
 the record from the appeal and had made notes about the jurors at issue after discussing the matter with other assistant district attorneys. Mr. Wallace offered gender-neutral reasons for eight male jurors on whom he believed he had used peremptory strikes. However, the record indicates the prosecutor only exercised six peremptory strikes on male jurors. Mr. Wallace admitted to making a statement regarding the striking of male jurors, but he stated he did not intend to carry out this statement but rather was attempting to select a fair and balanced jury.
 

 The hearing was held open to allow defense counsel to secure the appearance of defendant’s trial counsel as a witness. Defendant subsequently presented the testimony of one of defendant’s two trial attorneys, Chris Edwards.
 
 [4]
 
 Mr. Edwards testified that he recalled a bench conference during voir dire where Mr. Wallace accused the defense of trying | fito strike all the women and then stated he was going to strike all the men. However, defense counsel did not point to any specific jurors who were subject to a peremptory strike based on discriminatory intent by the State.
 

 At the conclusion of the hearing, the trial court stated:
 

 there has been conflicting testimony, and this morning testimony was to the effect that yes, the statement was made but it seems to have been countered by the elucidation jury by jury — juror by juror by Mr. Wallace, so the Court is going to deny the relief sought by the defense and note the objection of the defense.
 

 The focus of the present appeal is whether the trial court’s factual determination that there had been no purposeful discrimination in the voir dire proceedings is sufficient to meet the requirements of the Supreme Court in
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and by extension
 
 J.E.B. v. Alabama ex. rel. T.B.,
 
 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). After a careful review of the record including the transcript of the evidentiary hearing and the voir dire transcript, we find no error in the ruling of the trial court.
 

 In accordance with this Court’s previous remand order, the court heard testimony from the prosecutor with regard to the reasons for the strikes objected to by defendant. A review of the transcript of the evidentiary hearing indicates that the prosecutor gave detailed reasons for each of its peremptory strikes of males from the jury, none of which are inherently discriminatory. Further, the prosecutor stated that he used backstrikes in this case to try to achieve a balance of males and females on the jury, as he believed the defendant was systematically cutting women from the jury-
 

 The voir dire transcript from defendant’s trial is included in the record, and we find that it supports the trial court’s determination that |7there was no discriminatory intent inherent in the prosecutor’s explanation for the strikes. Although the prosecutor admitted he used strikes to achieve a balance, there is nothing in the voir dire transcript or in the prosecutor’s testimony at the evidentiary hearing indicating that the prosecutor intentionally used peremptory challenges against males on the basis of gender.
 

 The record in this case shows that the jury venire was comprised of 44 individuals, 29 women and 15 men, and 67% of the
 
 *737
 
 venire was comprised of women. During voir dire, the State struck six men, two of which were backstrikes, and one woman. The defense struck 8 women, 3 by back-strikes, and 2 men. The final composition of the jury was eight women and four men, and the prosecutor acknowledged at the hearing that 66% of the final jury composition was comprised of women, much like the total venire. We also note that neither the State nor the defense used all of the available peremptory strikes.
 

 The record indicates that following the first
 
 Batson
 
 objection by defense, the trial court made a specific finding that there was no pattern of discrimination after the initial strikes were made. The voir dire transcript contains the following excerpt after the State excused two male jurors:
 

 Mr. Armato [Defense Counsel]:
 

 Your Honor, I’m going to object under the Batson Challenge for the State consistently knocking off men from this jury panel. As a matter of fact, Judge, George told me earlier that he would do his best to keep men off of this jury.
 

 Mr. Wallace [Prosecutor]:
 

 |sJudge, that’s not necessary — first of all, he has to establish that a pattern has been set before he can make any objection under the Batson Challenge.
 

 Mr. Armato [Defense Counsel]:
 

 Judge, he is doing nothing but striking men from this panel.
 

 The Court:
 

 I disagree that a pattern has been set and I’m going to deny your objection.
 

 The trial judge, after participating fully in the proceedings, hearing the objection of defense counsel based on the prosecutor’s previous statement and assessing the actions and credibility of the prosecutor, specifically found no pattern of discrimination in the selection of the jury. Under these circumstances, the record fails to support defendant’s claims of purposeful discrimination by gender.
 

 Subsequently, the following exchange took place between the court and the attorneys:
 

 Mr. Wallace [The Prosecutor]:
 

 Your Honor, at this time we’re going to exercise some back-strikes. At this time we would excuse Mr. Leonard Koenig from the first panel and Mr. Dewitt Galatas from the second panel.
 

 Mr. Armato [Defense Counsel]:
 

 Your Honor, we would again renew our objection under Batson. This is another case where the State is systemically excusing all of the men from this panel.
 

 Mr. Wallace:
 

 Your Honor, Mr. Edwards used his back-strikes to exclude two women, Ms. Corley and Ms. Glavina from this jury panel.
 

 | ([Following this objection, the trial court merely noted his objection and did not make a specific ruling on whether there had been a pattern of gender discrimination by the State. The State also exercised a challenge of juror Lawrence Trunk and defense counsel reiterated its
 
 Batson
 
 challenge. The trial court noted the objection, but did not repeat its ruling on whether there had been a pattern of gender discrimination by the State.
 

 However, a review of the transcript of the evidentiary hearing indicates that the prosecutor satisfied his burden of giving gender neutral reasons for each of his peremptory strikes, including the strikes made which did not prompt a separate specific finding by the trial court. Unlike the facts of
 
 Snyder v. Louisiana,
 
 — U.S.
 
 *738
 
 -, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008) where the reason given for the proffered strikes failed when compared to the entire venire, we fail to find this to be the case here. Mr. Wallace offered a plausible, gender neutral explanation for each of the male jurors struck during the proceedings which are supported by the entirety of the voir dire proceedings. Further, unlike the facts of
 
 State v. Myers,
 
 99-1803 (La.4/11/00), 761 So.2d 498, where there were no rulings or observations from the trial judge to review, the record in this case contains a specific finding by the original trial judge that there was no pattern of gender discrimination in the initial strikes and testimony containing plausible, gender neutral reasons for the strikes that are supported by the entire voir dire proceedings which the
 
 pro tempore
 
 judge found to be reasonable.
 

 Pursuant to well-established jurisprudence, the defendant has the burden of proof to establish discrimination in the selection of a | injury.
 
 Batson, supra,
 
 476 U.S. at 94 n. 18, 106 S.Ct. at 1722 n. 18. In determining whether a defendant has met his burden of showing purposeful racial discrimination in the state’s exercise of peremptory challenges, the proper question is whether the proof offered by the defendant, when weighed against the state’s proffered “race-neutral” reasons, is strong enough to convince the trier of fact that the claimed discriminatory intent is present.
 
 State v. Toussaint,
 
 98-1214 (La.App. 5 Cir. 5/19/99), 734 So.2d 961, 965,
 
 writ denied,
 
 99-1789 (La.11/24/99), 750 So.2d 980.
 

 For the reasons stated herein, we find no error in the trial court’s ruling that defendant failed to meet his burden of proving purposeful discrimination in the selection of the jury in this case. Accordingly, defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . In
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the Equal Protection Clause prohibits the use of peremptory strikes to exclude potential jurors based solely on race. In
 
 J.E.B. v. Alabama ex. rel. T.B.,
 
 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), the United States Supreme Court extended its holding in
 
 Batson
 
 and held that the Equal Protection Clause also prohibits discrimination in jury selection on the basis of gender.
 
 See State v. Givens,
 
 99-3518 (La.1/17/01), 776 So.2d 443, 448.
 

 [2]
 

 . In this Court's original opinion, it was noted that the trial judge and the parties erroneously referred to defendant's objections during voir dire as
 
 Batson
 
 objections. This Court explained that defendant’s objections to the State's use of peremptory strikes were made pursuant to
 
 J.E.B. v. Alabama ex rel. T.B., supra,
 
 and not
 
 Batson v. Kentucky, supra,
 
 because the objections were based on grounds of gender discrimination rather than racial discrimination.
 
 State v. Bourgeois, supra
 
 at 3, 786 So.2d at 773, n. 2.
 

 [3]
 

 . Judge Green was subsequently convicted of mail fraud and permanently prohibited from the practice of law.
 
 In re Alan Green,
 
 05-2120 (La.8/23/05), 913 So.2d 113;
 
 In re Alan Green,
 
 06-141 (La.2/8/06), 920 So.2d 861.
 

 [4]
 

 . The parties stipulated that one of defendant's original trial attorneys, Mark Amato, resides out of state.