605 So.2d 608 (1992)
STATE of Louisiana, Appellee,
v.
Edward SUMLIN aka Scutt, Appellant.
No. 23934-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1992.
*609 Indigent Defender Board by Charles A. Smith, William Rick Warren, for Appellant.
Richard P. Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Charles E. McConnell, Asst. Dist. Atty., for appellee.
Before MARVIN, SEXTON, and STEWART, JJ.
STEWART, Judge.
Defendant, Edward "Scutt" Sumlin, pled guilty as charged to one count of possession of cocaine, in violation of LSA-R.S. 40:967 C. The trial court sentenced Sumlin to five years at hard labor. He appeals the sentence as excessive. We affirm.

FACTS
On May 13, 1991, the police received information from a confidential informant that Sumlin was selling cocaine from a Crown Royal bag tied to his pants. When Sumlin saw the police, he fled on his bicycle and attempted to hide the bag under his residence. He was apprehended. The crime lab analyzed the contents of the bag and determined it contained cocaine. Sumlin was charged by bill of information with possession of cocaine. He pled guilty as charged. After presentence investigation, the trial court sentenced Sumlin to five years at hard labor. Sumlin appeals, contending that the sentence was excessive and that the trial court should have recommended him for the intensive incarceration program. We disagree.

DISCUSSION

Excessive Sentence
Sumlin does not argue that the trial court failed to articulate its reasons for sentence or that the court failed to comply with the guidelines of LSA-C.Cr.P. Art. 894.1. The record discloses both an adequate consideration of the guidelines and a detailed articulation of the reasons for sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989). A trial court has wide discretion to impose a sentence within the statutory limits. Such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
The general rule that maximum sentences should be imposed only where the offense is committed in the most serious manner and the defendant is the worst kind *610 of offender is more difficult to apply in contraband possession cases than in cases involving violent crimes. See State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir. 1990).
When officers questioned Sumlin about the instant offense, he admitted he sold drugs to support his drug habit. Sumlin was 29 years of age at the time of sentencing. He had previous convictions for battery, simple battery, and possession of drug paraphernalia. Sumlin was convicted on two counts of distribution of cocaine and, on April 8, 1991, was sentenced to five years at hard labor. This sentence was suspended, and Sumlin was placed on supervised probation for five years. The trial court noted that the instant offense was committed only 35 days after he had been sentenced for the distribution convictions. Sumlin admitted to his probation officer that he used marijuana on a regular basis prior to his arrest and that he used crack cocaine frequently.
Considering Sumlin's propensity to commit drug offenses, the fact he actually was selling cocaine instead of merely possessing it as charged, his continued abuse of illicit drugs, and that he committed the instant offense while on probation for drug offenses, we do not find the sentence to be constitutionally excessive or an abuse of the district court's discretion.

Intensive Incarceration Program
Sumlin also argues that, because the probation department recommended the intensive incarceration program, the trial court should have joined in that recommendation.
Recommendation for the intensive incarceration program is within the trial court's discretion. LSA-R.S. 15:574.4 A(2)(a)(iii). The trial court noted that Sumlin had been recommended for the intensive incarceration program but declined to join in the recommendation. The trial court noted that the program is for those who attempt to straighten up their lives, and not for those like Sumlin who commit another felony offense 35 days after having been sentenced on two similar felony convictions. We find no error in the trial court's decision to not recommend Sumlin for this program.

Errors Patent
LSA-C.Cr.P. Art. 930.8 C provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Failure to do so constitutes error patent. The record shows that the court did not so inform Sumlin. This apparent defect, however, has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. We also note that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922, so in the instant case prescription has not yet begun. The purpose of the notice of Art. 930.8 C is to inform the defendant of the prescriptive period in advance; thus the district court is directed to inform Sumlin of the provisions of Art. 930.8. The district court will send appropriate written notice to Sumlin within ten days of the rendition of this opinion and will file written proof that he received the notice in the record of the proceedings.
The sentence is affirmed, with instructions.
AFFIRMED WITH INSTRUCTIONS.