742 So.2d 952 (1999)
STATE of Louisiana
v.
Richard WEBBER.
No. 99-KA-23.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1999.
*953 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux Rebecca J. Becker, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Floyd M. Gibson, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and ROBERT L. LOBRANO, Judge Pro Tem.
GOTHARD, Judge.
Defendant, Richard Weber, was convicted of being a convicted felon in possession of a firearm in violation of LSA-R.S. 14:95.1, and sentenced accordingly. He appeals the conviction and sentence to this court. The record shows that on November 6, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, Richard Weber, with one count of possession of a firearm by a convicted felon. On November 14, 1997, defendant was arraigned, and pled not guilty.
Defendant filed a Motion to Suppress Evidence on February 10, 1998, which was denied at the close of the first day of trial on May 19, 1998. Trial resumed on May 20, 1998, after which, defendant was found guilty as charged. In due course the defendant was sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence. On June 1, 1998 defense counsel filed a Motion for Appeal. On the same day, defendant filed a pro-se Motion to Suppress the Evidence. The court granted the appeal motion and denied the motion to suppress as moot.

FACTS
On September 12, 1997 at approximately 1:00 a.m., Louisiana State Trooper, Joseph Hasselbeck was on patrol on I-10 near Bonnabel when he observed a vehicle speeding and making illegal lane changes. As a result of those observations, Trooper Hasselbeck pulled the vehicle over and ordered the driver to get out and step to the rear of his car. Trooper Hasselbeck noticed that the driver, defendant herein, appeared nervous and smelled of alcohol. Trooper Hasselbeck administered a horizontal gaze test and a field sobriety test. Given the results of the test, the trooper did not believe the defendant was over the legal limit. Consequently, the trooper did not believe the consumption of alcohol was the reason for defendant's nervousness.
Trooper Hasselbeck asked to see defendant's driver's license. Defendant stated that his license was not in his immediate possession, but told the trooper it might be in the car. Trooper Hasselbeck accompanied defendant to the passenger side of the vehicle and watched as he looked in the glove compartment and above the visor for the license. While watching defendant, Trooper Hasselbeck noticed a handgun on the passenger side floorboard of the car. The trooper secured the gun and ran a criminal check on the defendant. When the check revealed defendant was a convicted felon, Trooper Hasselbeck arrested defendant for being in possession of a firearm. Trooper Hasselbeck did not recall seeing a female companion in the car, but admitted that he makes many traffic stops and could not be certain the defendant was alone. The trooper did state that had there been another passenger in the car at the time of the stop, he would have noted that in his report and ran a check on that *954 individual as well. No such notation is contained in the report.
The recovery of the firearm from defendant's vehicle was also verified by Trooper Rick Nelson, who heard the encounter on the police radio and arrived just as Trooper Hasselbeck was retrieving the gun.
The State also presented evidence from Virgil McKenzie, an expert in fingerprint analysis, who testified that the gun that Trooper Hasselbeck retrieved has a type of handle that prevents the retrieval of fingerprints.
At trial defendant took the stand in his own defense. He stated that everything the troopers testified to was a lie. He alleges that on the night of his arrest, he and a female companion were returning to New Orleans East in a car he had borrowed from a friend. On the way, defendant incorrectly took the I-10 split toward Metairie, he exited the highway and made a u-turn. He had just re-entered the I-10 when he was stopped by Trooper Hasselbeck. He denied speeding or making illegal lane changes, and stated the trooper ordered him out of the vehicle and asked to see a license and registration. Then the trooper ordered his companion to get out of the car. The trooper searched both occupants of the car and administered a DWI test on the driver. Afterward, the trooper conducted a search of the vehicle and located the firearm. Defendant denied any knowledge of the gun and stated that his companion was left alone in the car for approximately three minutes while the trooper was questioning the defendant. Defendant speculated that his companion could have hidden the gun in the car during this time.

LAW AND ANALYSIS
In brief to this Court, defendant assigns one error. He maintains that there was insufficient evidence to find him guilty of the crime charged. Specifically, he argues that the evidence did not show that he was in possession of the gun found in the car.
The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson court explained that when assessing the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See also, State v. Rosiere, 488 So.2d 965 (La.1986).
By its nature, this case presents questions of credibility of witnesses. The testimony of the defendant and the trooper are at odds in key areas and clearly, the jury credited the trooper's testimony. That determination of which witness is offering credible testimony is left to the trier of fact. In that regard, the Louisiana Supreme Court has stated:
It is the role of the fact-finder to weigh the respective credibilities of witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.
State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. Rosiere, supra, 488 So.2d at 968.
In the present case, defendant was charged with possession of a firearm by a convicted felon. The applicable statute, LSA-R.S. 14:95.1(A) provides in pertinent part, that, "(I)t is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony, ... to possess a firearm or carry a concealed weapon." Defendant had been previously convicted of purse snatching which is a felony and is listed as a crime of violence in LSA-R.S. 14:2(13).
*955 Actual possession of a firearm is not necessary to satisfy the possession element of LSA-R.S. 14:95.1; constructive possession is sufficient to satisfy the element of possession. State v. Francis, 95-194 (La.App. 5 Cir. 11/28/95), 665 So.2d 596. A person is in constructive possession of a thing if it is subject to his dominion and control. Id. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Jackson, 97-1246 (La.App. 5 Cir. 4/13/98), 712 So.2d 934, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37.
In addition, this Court has added an aspect of awareness to the offense of LSA-R.S. 14:95.1. State v. LaMothe, 97-1113 (La.App. 5 Cir. 6/30/98), 715 So.2d 708, writ granted in part, 98-2056 (La.11/25/98), 722 So.2d 987. See also, State v. Evans, 29,675 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039 (citing State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035). Therefore, the State must also prove that the offender was aware that a firearm is in his presence and that he had the general criminal intent to possess the weapon. State v. LaMothe, supra.
According to the testimony of the Trooper Hasselbeck, he pulled defendant over for speeding. He ordered defendant out of the car, and he discovered the gun as he watched defendant search for his license. It is likely that defendant was alone in the car at the time.
Defendant sought to refute the prosecution's evidence by claiming that everything that Trooper Hasselbeck testified to was a lie. He testified that he had a female companion in the car with him. He also testified that the companion was left in the car while Trooper Hasselbeck questioned him. Finally, he testified that Trooper Hasselbeck searched the car alone and found the gun. Defendant testified that he did not see a gun in the car when he borrowed it. Defendant denied any knowledge of the gun's presence in the car and stated that the gun may have been left by his companion.
Defendant's testimony about his female companion conflicts with the testimony of both Trooper Hasselbeck and Trooper Nelson who testified that they did not remember someone else being in the car with defendant.
In State v. Jackson, supra, defendant argued that the evidence was insufficient to show that he was in possession of a firearm, as is required by LSA-R.S. 14:95.1. Defendant specifically argued that the recovery of the gun from under the bed in his room was not sufficient to prove that he had constructive possession over the gun. Defendant further contended that he could not have had dominion and control over a gun simply because it was found in his bedroom. The defense also sought to show the gun could have belonged to someone other than the defendant by presenting the testimony of his mother that other relatives had recently stayed in defendant's bedroom while visiting. The jury apparently gave little credence to the defense testimony and convicted the defendant. This Court found that the evidence produced at trial established that the gun was found under the bed where defendant slept which indicated that defendant had easy access to the weapon, and that the jury could have concluded, based on the evidence, that the defendant had access to the pistol.
In State v. Francis, supra, defendant challenged the sufficiency of the evidence used to convict under LSA-R.S. 14:95.1. Defendant specifically argued that the State failed to show the defendant had possession of a weapon. Defendant denied possession and ownership of the gun, claiming that it belonged to his father. Defendant later presented testimony that the gun belonged to Don Murphy who did claim ownership of the gun at trial. The jury discounted the defense witnesses and found defendant guilty of possession of a *956 firearm by a convicted felon. The panel in Francis concluded that the jury was faced with conflicting testimony and the evidence presented was sufficient to sustain defendant's conviction for a violation of LSA-R.S. 14:95.1.
In State v. Hayes, 561 So.2d 184 (La. App. 5 Cir.1990), police officers responded to a report of two suspicious men and an automobile at a convenience store. Upon arriving, the officers noticed the defendant using the phone; and they observed the defendant remove something from his pocket and place it next to the phone. The objects were live rounds of .357 caliber and.38 caliber ammunition. The officers questioned defendant, and a computer search revealed the defendant had a previous conviction on felony drug charges. Upon looking into the window of the automobile, the police officer spotted a pistol on the floorboard near the driver's side. The pistol was a .357 magnum revolver and contained some live rounds. At trial, Hayes testified that he had borrowed the vehicle from a friend and was unaware that the pistol was in the automobile. Hayes denied taking anything out of his pocket while at the telephone. The owner of the maroon automobile testified on behalf of the defense that the .357 magnum pistol was his and that he inadvertently left it in the vehicle when Hayes borrowed the car earlier that day. The panel examined this evidence and found that the State had presented sufficient evidence to support a finding that defendant possessed the handgun.
In the present case, the gun was discovered on the floorboard of the car defendant was driving. Defendant claims that there was a passenger in the car, but neither state trooper remembered a passenger and there is no mention of a passenger in the police report. Defendant also claimed that there were more than two troopers on the scene and that one of those troopers gave his companion a ride home. The troopers that testified did not remember other troopers being on the scene, and there was no mention in the arrest register of other officers participating. Finally, defendant testified that he borrowed the car and had no knowledge of the gun's presence in the car.
When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State v. Batiste, 96-1010 (La.App. 5 Cir. 1/27/98), 708 So.2d 764, writ denied, 98-0913 (La.9/4/98), 723 So.2d 954; State v. Jiron, 96-319 (La.App. 5 Cir. 10/1/96), 683 So.2d 769, 771; State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Batiste, 708 So.2d at 772; State ex rel. Graffagnino v. King, 436 So.2d at 563.
In this case, the jury made a credibility determination and believed the testimony of the state troopers. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, that defendant exercised dominion and control over the pistol, and thus, find that defendant is guilty of being a felon in possession of a weapon. We find no merit in this assignment of error.
We have reviewed the record for errors patent, in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). Upon review, we find that the trial court failed to inform defendant of the three year prescriptive period applicable for the filing of post conviction relief as provided by LSA-C.Cr.P. art. 930.8. Subpart C of that article requires that the trial court inform the defendant of the prescriptive period at the time of sentencing. We remand the matter to the trial court with orders to send written notice of the prescriptive period to defendant within ten days of the rendering of this Court's opinion, *957 and to file written proof in the record that defendant received such notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Procell, 626 So.2d 954 (La.App. 3 Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir. 1992).
The defendant's conviction and sentence are affirmed and the matter is remanded to the trial court for action as ordered by this opinion.
AFFIRMED AND REMANDED.