806 So.2d 773 (2001)
STATE of Louisiana
v.
Allen BLOUNT.
No. 01-KA-844.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
*774 Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Allen Blount, with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. The matter proceeded to trial before a twelve person jury, at the conclusion of which defendant was found guilty as charged. The trial judge thereafter sentenced defendant to thirteen years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant now appeals.

FACTS
On the night of March 22, 2000, while on routine patrol, Officer Douglas Zemlik of the Gretna Police Department, stopped a 1979 Grand Prix. At trial, Officer Zemlik testified that he effected the stop because the car had no license plate and there were about eight passengers, none of whom were wearing seat belts. As Officer Zemlik exited his police car, he observed the right rear passenger, subsequently identified as defendant, make a sudden movement forward. For his safety, Zemlik ordered everyone out of the vehicle, interviewed the occupants, and conducted limited pat down searches. During the course of the pat downs, he found a loaded gun clip, designed for a .380 caliber handgun, in defendant's right rear pocket.
With the driver's permission, the officer thereafter searched the vehicle and found a loaded .380 caliber handgun under the driver's seat towards the rear of the seat. On the scene, defendant admitted that the gun was his and claimed that he just bought it from a friend. After a computer check, Zemlik learned that the gun was stolen from the New Orleans Police Department, and that defendant was a convicted felon. The defendant was thereafter arrested and the driver was issued citations for no insurance and no license plate.
Tiffany Eagles, defendant's probation and parole officer, testified that defendant was being supervised for his convictions of attempted armed robbery, attempted first degree murder, and possession with the intent to distribute crack. She further testified that defendant was aware that he was not allowed to possess firearms.
Following the presentation of the state's case, defense counsel presented several witnesses to testify on defendant's behalf. Brinia Hampton, defendant's wife, testified that defendant did not lean towards the front seat as indicated by the police because one of the children on his lap was sleeping. She also claimed that the police found the clip in the car and not on her husband and further that her husband denied ownership of the gun.
Jasmin Augustus, the driver and owner of the vehicle, testified that he observed the police retrieve the clip from the defendant and further that the gun was found under the driver's seat. Augustus claimed, however, that the police did not obtain his consent to search the vehicle.
The defendant also testified at trial. He admitted that he pled guilty under a plea bargain to eleven counts of attempted armed robbery, eleven counts of attempted murder and one count of armed robbery for an event that occurred at a club one night. He also admitted to being convicted of distribution of crack cocaine in 1990. The defendant testified that nothing was discovered on his person after the pat down by the police, that he did not know *775 where the officer found the clip, and that he probably obtained it from the vehicle. He denied ever admitting ownership of the gun to the police.
After listening to the evidence presented, the jury found defendant guilty of possession of a firearm by a convicted felon.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant challenges the sufficiency of the evidence used to convict him. He specifically claims that the state failed to prove that he possessed the weapon or that he knew that the gun was in the car.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. A reviewing court is required to consider the whole record and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. State v. Lapell, 00-1056 (La.App. 5 Cir. 12/13/00), 777 So.2d 541.
In the present case, defendant was charged with possession of a firearm by a convicted felon. The applicable statute, LSA-R.S. 14:95.1(A), provides in pertinent part, that, "[I]t is unlawful for any person who has been convicted of a crime of violence as defined in LSA-R.S. 14:2(13) which is a felony, ... to possess a firearm or carry a concealed weapon." Actual possession of a firearm is not necessary to satisfy the possession element of LSA-R.S. 14:95.1; constructive possession is sufficient to satisfy the element of possession. A person is in constructive possession of a thing if it is subject to his dominion and control. State v. Francis, 95-194 (La.App. 5 Cir. 11/28/95), 665 So.2d 596. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Jackson, 97-1246 (La.App. 5 Cir. 4/13/98), 712 So.2d 934, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37; State v. Webber, 99-23 (La.App. 5 Cir. 7/27/99), 742 So.2d 952.
In addition, our jurisprudence has added an aspect of awareness to the offense of LSA-R.S. 14:95.1. State v. LaMothe, 97-1113 (La.App. 5 Cir. 6/30/98), 715 So.2d 708, writ granted in part, 98-2056 (La.11/25/98), 722 So.2d 987. Therefore, the state must also prove that the offender was aware that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon. State v. Webber, supra.
At trial, Officer Zemlik testified that when he stopped the vehicle, he observed defendant make a sudden movement forward as if to hide or grab something. For his safety, he conducted pat downs of the passengers including the defendant. According to Hemlik, he found a loaded gun clip in defendant's pocket. This was corroborated by the testimony of the driver, Jasmin Augustus. Pursuant to a search, Zemlik found a .380 handgun in the vehicle under the driver's seat towards the rear. Zemlik stated that the clip found on defendant fit the gun found in the vehicle. He stated that the defendant admitted ownership of the gun and claimed that he just bought it from a friend. A computer search revealed that the defendant was a convicted felon and the gun was stolen.
*776 In contrast to this testimony, defendant and his wife Hampton, both testified that the police did not find the clip on defendant. Hampton stated that defendant did not make any sudden movement forward, and that two of their children were sitting on his lap. Defendant, Hampton, and Augustus the driver, all claim that they had no knowledge of the gun's presence.
In the present case, the jury was faced with conflicting testimony and obviously chose to believe the testimony of Officer Zemlik. When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Webber, supra. In the present case, the gun was found under the driver's seat towards the back, was slightly visible, and was accessible to the defendant. Moreover, defendant admitted ownership of the gun and had a matching clip. Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found, beyond a reasonable doubt, that the state proved all the elements of the offense and that defendant was guilty of possession of a firearm by a convicted felon. Accordingly, this assigned error is without merit.

ERROR PATENT REVIEW
We have also reviewed the record for errors patent in accordance with LSA-C.Cr. P. art. 920. Our review reveals that the trial judge did not inform the defendant of the two year prescriptive period for the filing of post conviction relief as provided by LSA-C.Cr.P. art. 930.8. Subpart C of that article requires that the trial court inform the defendant at the time of sentencing. We remand the matter to the trial court with orders to send written notice of the prescriptive period to defendant within ten days of the rendering of this opinion and to file written proof in the record that defendant received such notice. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973.
Accordingly, for the reasons set forth herein, we affirm defendant's conviction and sentence and remand the matter to the trial court for action as ordered by this opinion.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.