811 So.2d 1015 (2002)
STATE of Louisiana
v.
Thaddeus A. HARRELL.
No. 01-KA-841.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1016 Frank Sloan, Louisiana Appellate Project, Covington, LA, for Appellant, Thaddeus Harrell.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, State of Louisiana, Thomas J. Butler Counsel of Record on Appeal, Terry M. BoudreauxAppellate Counsel, Jon Maestri Trial Counsel, Assistant District Attorney, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
Defendant, Thaddeus Harrell, appeals from his conviction of aggravated battery, a violation of La.R.S. 14:33 and 14:34. We affirm the conviction and sentence.
The Defendant was initially charged with attempted second degree murder. He pled not guilty. Following a trial on January 24 and 25, 2001, the jury, by a vote of ten to two, found him guilty of the lesser charge of aggravated battery and he was subsequently sentenced to six years imprisonment at hard labor.
At trial, Deputy Joseph Ortego testified that, at approximately 1:55 p.m. on September 12, 1999, he responded to a disturbance call at an apartment on Orange Blossom Lane in Harvey, Louisiana. Upon his arrival, he observed blood splatters on a sports utility vehicle parked in front of the apartment. Deputy Ortego was approached by the Defendant who had *1017 blood all over his hands and advised the deputy that he had just "beat up [his] old lady." After handcuffing the Defendant, Deputy Ortego went into the apartment and discovered the victim, Zelda Harrell[1], lying face down on the ground in a large pool of blood, unconscious, but breathing. The apartment was in disarray, with furniture overturned, things broken and blood splattered everywhere, including the walls.
Deputy Ortego called for an ambulance and the victim was transported to Charity Hospital, where she was treated for massive facial injuries. She had three facial lacerations: a three-centimeter laceration below the right eye involving the corner of the eye and tear duct system, a four-centimeter laceration above the left eye to the forehead with the bone showing, and a two-centimeter laceration on her lower lip. She also sustained massive facial fractures including a blowout fracture of her right eye socket and nasal fractures.
The Defendant was arrested and initially charged with second degree battery. After being advised of his Miranda[2] rights and waiving those rights, the Defendant gave a voluntary statement to Deputy Ortega, in which he admitted hitting his wife with his fists. He was later charged with attempted second degree murder.
On appeal, the Defendant contends that the evidence was insufficient to convict him of aggravated battery because there was no evidence that a weapon was used.[3] He maintains that he only used his fists to hit his wife and that no weapon was found at the crime scene or on his person at the time of his arrest immediately after the incident. The Defendant contends that the only evidence that a weapon may have been used during the beating was the speculative testimony of the emergency room physician.
The State responds that the Defendant is barred from challenging the sufficiency of the evidence pertaining to the responsive verdict of aggravated battery because he did not object to the responsive charge at trial. The State argues that, because the evidence clearly supports the charged offense of attempted second degree murder, the Defendant's conviction for the legislatively responsive offense should be affirmed, regardless of whether the evidence supports the responsive verdict.
When a Defendant fails to object to a legislatively responsive verdict, the Defendant's conviction will not be reversed, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged. State v. Wilkinson, 00-339 (La.App. 5th Cir.10/19/00), 772 So.2d 758, 765, writ denied, 00-3161 (La.10/12/01), 799 So.2d 494. The Louisiana Supreme Court explained:
It would be unfair to permit the Defendant to have the advantage of the possibility that a lesser "compromise" verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object. *1018 State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251-252 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
The Defendant was charged with attempted second degree murder, which requires a specific intent to kill and an overt act in furtherance of that object. La. R.S. 14:27 and 14:30.1. Under La. C.Cr.P. art. 814(A)(4), aggravated battery is a legislatively authorized responsive verdict to attempted second degree murder. Aggravated battery is defined as the intentional use of force or violence upon the person of another committed with a dangerous weapon. La.R.S. 14:33 and 14:34. The Louisiana Supreme Court has acknowledged that an essential element of aggravated battery, the lesser crime, is not an essential element of the greater crime, attempted second degree murder. Specifically, attempted murder does not require the use of force or violence upon the person of the victim nor does it require the use of a dangerous weapon. Thus, the evidence adduced to support the greater offense does not automatically prove the lesser. Blackburn, 424 So.2d at 249 and footnote five.
The record reflects there were several discussions regarding jury charges. However, at no time during these discussions did the Defendant object to the charge of aggravated battery. Specifically, the following discussion occurred:
Court:
Counsel, before the Court reads the jury charges to this jury, certainly, it's appropriate that I ask on the record whether you have any objections to those charges. I'll first ask the State whether it has any objection to the charges.
Prosecutor:
No, we don't, Judge.
Court:
I'll ask the defense, does the defense have any objections to the jury charge?
Defense Counsel:
None other than voiced before with regard to the issue we discussed. I'm getting foggy now.
Court:
Spousal privilege?
Defense Counsel:
I think the spousal privilege part that I wanted to include the fact that the State would have to show it was not under duress. That's all.
Thereafter, the trial court charged the jury which included a charge for the responsive verdict of aggravated battery. Because the Defendant failed to object, he is entitled to a reversal of his conviction for the lesser offense only if the evidence is insufficient to support a conviction of the charged offense, attempted second degree murder.
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722, (1998); State v. Barnes, 98-932 (La.App. 5th Cir.2/10/99), 729 So.2d 44, 46, writ denied, 99-1018 (La.9/17/99), 747 So.2d 1099.
Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Barnes, 729 So.2d at 46. A reviewing court is required to consider the whole record and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. Id.
*1019 When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 provides that "assuming every fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Captville, 448 So.2d 676, 678 (La. 1984); State v. Jones, 00-980 (La.App. 5th Cir.10/19/00), 772 So.2d 788, 791. This is not a separate test from the Jackson standard, but rather provides a helpful basis for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Jones, 772 So.2d at 791.
To prove attempted second degree murder, the State must establish, beyond a reasonable doubt, that the Defendant specifically intended to kill a human being and that he committed an overt act in furtherance of that goal. State v. Cepriano, 00-213 (La.App. 5th Cir.8/29/00), 767 So.2d 893, 897. Specific intent to inflict great bodily harm is sufficient to support a murder conviction, but first or second degree attempted murder requires a specific intent to kill. Id. at 898. Specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1); Cepriano, 767 So.2d at 897. Because specific intent is a state of mind, it need not be proven as a fact but may be inferred from the circumstances and actions of the defendant. Id. The intent to kill may be inferred from the extent and severity of the victim's injuries. State v. Keating, 00-51 (La.App. 5th Cir.10/18/00), 772 So.2d 740, 743, writ denied, 00-3150 (La.10/12/01), 799 So.2d 494.
In State v. Martin, 92-811 (La.App. 5th Cir.5/31/94), 638 So.2d 411, 414, this court upheld that defendant's conviction for attempted second degree murder by finding that the severity of the victim's injuries showed that the defendant had the specific intent to kill. In Martin, the victim was found unconscious laying face down on the ground surrounded by blood. Blood was splattered throughout the apartment. The victim had multiple lacerations to her face, deep lacerations on her arm and neck, cuts on the front and back of her torso, her left ear was partially amputated, and her thumb was barely connected to her hand.
In State v. Armant, 97-1256 (La.App. 5 Cir. 5/27/98), 719 So.2d 510, 517, writs denied, 98-1884 (La.11/20/98), 729 So.2d 3, and 98-1909 (La.11/20/98), 729 So.2d 4, the defendant was convicted of second degree murder. In that case, we concluded that the state proved that the defendant had specific intent to kill based on the severity of the victim's injuries and his relentless pursuit of her through the neighborhood. In Armant, the victim was stabbed several times with a barbeque fork. Her stab wounds required sutures, but were not life-threatening. The victim also had an eye injury that showed great force was used by her attacker and she had visible scars from her injuries.
In the present case, the Defendant admitted that he hit his wife several times with his fists. Although he testified that he never intended to kill his wife, his specific intent to kill can be inferred from his actions and the extent and severity of the victim's injuries. Defendant first hit his wife outside of the apartment and continued to beat her when they went inside the apartment. There was an obvious struggle during the assault.[4] The apartment furnishings were strewn about and *1020 some furniture and other items were broken. Blood was splattered all over the walls and the ceiling, demonstrating the force with which the Defendant struck the victim. The Defendant had blood all over his hands. He continued to beat her until she was unconscious. Although he claimed that he loved her and was concerned after she became unconscious, he nevertheless failed to obtain emergency medical help.
Dr. Lala Dunbar, the attending emergency room physician and director of the Medical Emergency Room at Charity Hospital, testified that the victim's beating was among the worst cases that she had seen in her 16 years in the emergency room at Charity Hospital. She stated that the victim's eyes were swollen shut and that the injuries to the victim's right eye required immediate surgery. In addition, the victim sustained three deep facial lacerations, massive facial fractures and massive swelling of her face.
Unquestionably, the victim suffered severe injuries as a result of the beating. We find that the severity of the victim's injuries demonstrates the Defendant's specific intent to kill. Thus, the State proved the essential elements of the charged offense, attempted second degree murder, beyond a reasonable doubt. Because the evidence is sufficient to support the charged offense, the Defendant is not entitled to a reversal of his conviction of the lesser offense, aggravated battery, regardless of whether the responsive verdict is supported by the evidence.
We also find that the evidence supports the conviction for the lesser offense of aggravated battery. Dr. Dunbar testified that the three lacerations were inconsistent with blunt trauma and, in her opinion, the lacerations were caused by a knife or some other sharp object. She explained that lacerations caused by blunt trauma tend to have more irregular borders and the victim's lacerations were clean cuts. Even though the Defendant denied using anything other than his fists to hit the victim, the jury chose not to believe him. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Hotoph, 99-243 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066. It is not the function of the appellate court to assess credibility or reweigh the evidence. Id. In addition, the State offered a photograph of the apartment showing a broken vase which the State argued was used by the Defendant to cut the victim. Thus, we find that the evidence was also sufficient to support the jury's finding that a dangerous weapon was used in the beating.

ERROR PATENT
We have reviewed the record for patent errors in conformity with La.C.Cr.P. art. 920 and find none.
Accordingly, the Defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] The victim is referred to both as Zelda Welch and Zelda Harrell throughout the record.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Defendant failed to file a motion for post verdict judgment of acquittal challenging the sufficiency of the evidence pursuant to La. C.Cr.P. art. 821. Although he filed a motion for new trial, procedurally there is a distinction between the two motions. However, such failure does not preclude appellate review of the sufficiency of the evidence. State v. Washington, 421 So.2d 887, 889 (La.1982); State v. Brown, 01-41 (La.App. 5th Cir.5/30/01), 788 So.2d 694, 699.
[4] The victim invoked her spousal privilege and refused to testify against the Defendant.