836 So.2d 638 (2002)
STATE of Louisiana
v.
Dwan STORKS.
No. 02-KA-754.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Frederick Kroenke, Baton Rouge, LA, for Defendant/Appellant.
*639 Harry J. Morel, District Attorney, Juan A. Byrd, Assistant District Attorney, Hahnville, LA, for Plaintiff/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant Dwan Storks appeals his conviction of attempted felon in possession of a firearm. On appeal, he argues that the evidence was insufficient to prove attempted possession of firearm by a person convicted of a felony. We affirm.
On September 25, 2001, the St. Charles Parish District Attorney's Office charged defendant by Bill of Information with possession of a firearm by a person convicted of a felony in violation of LSA-R.S. 14:95.1. Defendant pled not guilty on November 8, 2001 and filed various pre-trial motions, all of which were satisfied before trial. Defendant then proceeded to trial by jury on January 29, 2002.
After a one-day trial, a 12-person jury found the defendant guilty of attempted possession of a firearm by a person convicted of a felony, a responsive verdict under LSA-R.S. 14:95.1. Defendant filed a Motion for New Trial or alternatively a Motion for Post-Judgment Verdict of Acquittal, which was heard and denied on March 7, 2002. On March 21, 2002, the defendant was sentenced to five years at hard labor to run concurrently with his sentence of three years in Jefferson Parish with credit for all time served.[1] Defendant made a timely oral Motion for Appeal, which was followed by a written motion.

FACTS
Deputy Kenneth Norris of the St. Charles Parish Sheriff's Office testified that on September 11, 2001, he was assisting Corporal Walker, who had made an investigatory stop of a Ford Expedition on Airline Highway in St. Charles Parish. The driver and owner of the Ford Expedition, Clifton White, was ordered out of the vehicle by Corporal Walker. Deputy Norris testified that he was informed by Corporal Walker that there was a gun in the vehicle, at which time the three passengers were ordered out of the vehicle one at a time. Deputy Norris's testimony indicates that the first passenger to exit the vehicle was Floyd White, who had been seated in the front passenger seat. After Floyd White exited the vehicle, the passenger seated in the middle seat on the driver's side, Travis White, exited.[2] The last occupant to exit the vehicle was Dwan Storks, who was seated in the middle seat, on the passenger side of the vehicle.
After the vehicle's occupants had exited, Deputy Norris testified that he approached the vehicle and observed open alcoholic beverage containers and, in plain view, a Lorcin 9 mm handgun in the middle of the seat between where the passengers, Travis White and Dwan Storks, had been seated. Deputy Norris also testified that the gun was loaded at the time of its discovery. Dwan Storks was determined to be a convicted felon and thereafter arrested and charged with possession of a firearm by a convicted felon.

ASSIGNMENT OF ERROR NUMBER ONE
The evidence was insufficient to support the conviction for attempted possession *640 of a firearm by a person convicted of a felony.

DISCUSSION
Defendant argues that the evidence was insufficient to find him guilty of attempted possession of a firearm by a convicted felon. More specifically, defendant contends that the evidence of specific intent was insufficient, as was the evidence of constructive possession. Alternatively, defendant argues that "even if constructive possession had been proven, it is insufficient to prove the specific intent required by the crime of attempted possession which the defendant was found guilty of."
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypotheses of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
To convict a defendant of illegal possession of a firearm by a convicted felon, the State must prove the following beyond a reasonable doubt: (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. LSA-R.S. 14:95.1; State v. Husband, 437 So.2d 269, 271 (La.1983); State v. Ware, 01-194 (La.App. 5 Cir. 8/28/01), 795 So.2d 495, 499. Actual possession of a firearm is not necessary to satisfy the possession element of LSA-R.S. 14:95.1; constructive possession is sufficient to satisfy the element of possession. State v. Francis, 95-194 (La. App. 5 Cir. 11/28/95), 665 So.2d 596; State v. Webber, 99-23 (La.App. 5 Cir. 7/27/99), 742 So.2d 952, 955. A person is in constructive possession of a thing if it is subject to his dominion and control. Id. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Jackson, 97-1246 (La.App. 5 Cir. 4/13/98), 712 So.2d 934, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37; State v. Webber, supra at 955. In addition, our jurisprudence has added an aspect of awareness to the offense of LSA-R.S. 14:95.1. State v. LaMothe, 97-1113 (La.App. 5 Cir. 6/30/98), 715 So.2d 708, writ granted in part, 98-2056 (La.11/25/98), 722 So.2d 987. Therefore, the State must also prove that the offender was aware that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon. State v. Webber, supra; State v. Blount, 01-844 (La.App. 5 Cir. 12/26/01), 806 So.2d 773, 775.
The charged offense in the present case is a general intent crime. To sustain a conviction for attempted possession of a firearm by a convicted felon, however, the State is required to prove that defendant had the specific intent to possess the weapon and that he committed an overt act towards, the completion of that offense. LSA-R.S. 14:27. Specific intent is the *641 state of mind that exists when the circumstances indicate that the offender actively desired the prescribed consequences to follow his act or failure to act. LSA-R.S. 14:10(1).
Attempted possession of a firearm by a convicted felon is a legislatively responsive verdict to the charged offense in this case. LSA-C.Cr.P. art. 815; LSA-R.S. 14:27; State v. Williams, 470 So.2d 356, 358 (La.App. 5 Cir.1985). When a defendant fails to object to a legislatively responsive verdict, the defendant's conviction will not be reversed, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged. State v. Wilkinson, 00-339 (La.App. 5 Cir. 10/19/00), 772 So.2d 758, 765, writ denied, 00-3161 (La.10/12/01), 799 So.2d 494; State v. Harrell, 01-841 (La.App. 5 Cir. 2/26/02), 811 So.2d 1015, 1017. In State v. Harrell, supra, at 1017-1018,
The Louisiana Supreme Court explained:
It would be unfair to permit the defendant to have the advantage of the possibility that a lesser "compromise" verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251-252 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
The record reflects a discussion of the responsive verdicts and jury charges at which time the defendant did not object to the responsive verdict of attempted possession of a firearm by a convicted felon. Thereafter, the trial court charged the jury. Those charges included a charge for the responsive verdict of attempted possession of a firearm by a convicted felon. Defendant also failed to object at the reading of the verdict. Because the defendant failed to object, he is entitled to a reversal of his conviction for the lesser offense only if the evidence is insufficient to support a conviction of the charged offense, possession of a firearm by a convicted felon. State v. Harrell, supra at 1018.
In the present case, defendant stipulated to the fact that he was a convicted felon and that his conviction was within the ten-year period. Thus, the State only needed to prove possession and general intent at trial. In order to prove possession, the State must establish that the defendant was aware that a firearm was in his presence and that defendant had constructive or actual possession of the firearm.
Defendant claims that the State did not prove that he had possession or the requisite intent and cites one case that has held the evidence was insufficient to prove the defendant was a convicted felon in possession of a firearm. In State v. Heacox, 543 So.2d 101 (La.App. 3 Cir.1989), writ denied, 99-0822 (La.9/3/99), 747 So.2d 534, the Third Circuit held that the evidence was insufficient to find that a gun was subject to the defendant's dominion and control. In Heacox, a gun was partially covered by a holster and lying equidistant between defendant and the driver of the vehicle. The gun belonged to the mother of the driver. In reversing defendant's conviction, the Third Circuit reasoned that there was no evidence that the defendant was aware of the presence of the gun, or even if he was aware of the gun's presence, there was no evidence that the defendant's intent amounted to an intent to possess rather than mere acquiescence to the fact that a gun was in the vehicle.[3]
*642 In State v. Bonnet, 98-1014 (La.App. 5 Cir. 2/23/99), 731 So.2d 368, this Court held that the evidence was sufficient to establish constructive possession and general intent in a case involving LSA-R.S. 40:1785, possession of an unregistered or illegally transferred weapon. In Bonnet, a police officer observed defendant exit a vehicle parked in a gas station parking lot. Thinking that a drug transaction was about to occur, the officer drove next to the car and approached it. The officer observed a large handgun on the seat. This Court in finding sufficient evidence to support the conviction noted that the officer observed the handgun between the driver and passenger side of the seat in plain view by looking through the driver's side window. This Court further stated that the gun was within the dominion and control of the defendant, who was previously sitting in the passenger seat of the car and, therefore, the jury could have concluded that the defendant was in constructive possession of an unregistered gun.
Also, in State v. Blount, 01-844 (La.App. 5 Cir. 12/26/01), 806 So.2d 773, police stopped a car for having no license plate and because there were about eight passengers in the car, none who were wearing seat belts. As the police officer was approaching the car, he saw the right rear passenger make a sudden forward movement. For his safety, the officer ordered everyone out of the vehicle. The officer, upon patting down the occupants, found a loaded gun clip in defendant's rear pocket. The officer subsequently searched the vehicle and found a loaded .380 caliber handgun under the driver's seat toward the rear of the seat. Defendant was thereafter arrested for being a convicted felon in possession of a firearm. This Court, in holding that the evidence was sufficient to support the conviction, noted that the gun was found under the driver's seat toward the back, was slightly visible, and was accessible to the defendant.
In the present case, Deputy Norris testified that when he approached the vehicle he observed open alcoholic beverage containers and, in plain view, a Lorcin 9 mm handgun in the middle of the second rear seat between where the passengers, Travis and Dwan, were seated. Deputy Norris also testified that the lights in the Expedition illuminate the cabin space very well and that he did not have to use a flashlight when looking into the car. The deputy's testimony indicated that Dwan Storks, being seated right next to the gun, would have noticed the gun or hit it with his hand. Based on the testimony of Deputy Norris and the case law, it is clear that the jury had sufficient evidence to conclude that Dwan Storks was aware of the gun and that the gun was under his dominion and control at the time the vehicle was stopped.[4] Like the cases of Bonnet and Blount, the jury concluded that defendant was aware of the gun. The jury's conclusion is supported by the fact that the gun was visible to the defendant and was within his reach and easily accessible. Such *643 dominion and control is sufficient to constitute constructive possession. Therefore, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant was in constructive possession of a firearm as a convicted felon and that he had the general intent to possess the weapon.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). No patent errors were found.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant's probation for the charge of simple burglary was revoked in Jefferson Parish and defendant received a three-year sentence.
[2] Deputy Norris testified that the vehicle had three rows of seats and that the passengers were in the front and middle seats of the vehicle. Dwan Storks was in the middle seat.
[3] Defendant also cites State v. Brooks, 99-478 (La.App. 3 Cir. 12/8/99), 756 So.2d 336, writ denied, 00-1492 (La.5/25/01), 792 So.2d 750, for the proposition that guilty knowledge is an essential element in proving constructive possession. However, a closer reading of those cases cited by Brooks for the above principle indicates that a more accurate recitation of the law is that guilty knowledge is an essential element of the crime of possession, not an essential element in proving constructive possession. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Converse, 529 So.2d 459 (La.App. 1 Cir.1988), writ denied, 533 So.2d 355 (La.1988).
[4] For other cases holding that constructive possession was established, see State v. Ware, 01-194 (La.App. 5 Cir. 8/28/01), 795 So.2d 495; State v. Curtis, 99-45 (La.App. 5 Cir. 7/27/99), 739 So.2d 931.